UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:09-CR-087-SDJ |
| | § | |
| STACY LYNN GAGE (9) | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Stacy Lynn Gage's Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act. (Dkt. #950). The United States filed a response in opposition, (Dkt. #960), to which Gage filed a reply, (Dkt. #964). Having considered the motion, the subsequent briefing, and the applicable law, the Court **DENIES** the motion.

### I. BACKGROUND

On June 11, 2009, Gage and seventeen codefendants were charged by indictment with conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C §§ 841 and 846. (Dkt. #1). On August 19, 2010, a superseding indictment was filed against Gage and eight codefendants charging them with the same. (Dkt. #428). Later in 2010, the Government filed notices of sentence enhancement indicating that Gage had two prior drug convictions, which the Government intended to rely on for purposes of increased punishment pursuant to 21 U.S.C. §§ 841 and 851. (Dkt. #466, #524).

Gage's jury trial began on October 25, 2010, before United States District Judge Richard A. Schell. On November 10, 2010, the jury returned a verdict, finding Gage guilty. (Dkt. #531 at 1). The jury also found that the quantity of controlled substances attributable to Gage within the scope of the conspiracy was fifty grams or more of a mixture or substance containing cocaine base.[1] (Dkt. #531 at 6).

The Court sentenced Gage as a career offender under U.S.S.G. § 4B1.1(a), based on his two prior convictions, to 360 months' imprisonment on May 2, 2012. (Dkt. #798 at 2); (Dkt. #817 at 51–52). In the Statement of Reasons for the judgment, Judge Schell noted Gage was sentenced under the Fair Sentencing Act. (Dkt. #799). Gage's conviction and his career-offender enhancement were upheld on appeal. *United States v. Akins*, 746 F.3d 590, 605, 611 (5th Cir. 2014).

Gage has since moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Dkt. #914, #943). The Court denied the compassionate-release motions because Gage failed to exhaust his administrative remedies. (Dkt. #958).

On April 25, 2019, the Court appointed the Federal Public Defender's ("FPD") office to assist Gage in his attempt to seek relief under the First Step Act of 2018 ("FSA"). (Dkt. #903). More than a year later, the FPD filed a motion to withdraw as counsel of record, stating that counsel had evaluated whether a motion for a sentence reduction pursuant to Section 404 of the FSA was warranted and concluded that it was not, as there were "no non-frivolous motions or arguments that can be made

---

[1] The jury also found that less than 500 grams of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers were attributable to Gage. (Dkt. #531 at 6).

2

supporting a sentence reduction." (Dkt. #947 at 1). The Court granted the motion to withdraw. (Dkt. #952).

Gage then filed the instant motion for a sentence reduction under Section 404 of the FSA. When he filed this motion, Gage asserted that he had served 135 months of his 360-month sentence and requested a reduction of his sentence to time served.

Notably, in addition to the FPD deeming Gage's attempt to reduce his sentence meritless, the Government asserts that the United States Attorney's Office contacted the United States Probation Office and requested that they review Gage's case to determine whether he would be entitled to any relief under the FSA. According to the Government, a supervisory United States Probation Officer reviewed the case and concluded Gage would not be entitled to any relief. (Dkt. #960 at 9).

## II. LEGAL STANDARD

Section 404 of the FSA gives courts discretion to reduce sentences for "defendants convicted of certain crack cocaine offenses . . . as if the reduced statutory minimum penalties implemented by the Fair Sentencing Act of 2010 ('FAIR') were in place at the time the offenses were committed." *United States v. Stewart*, 964 F.3d 433, 433 (5th Cir. 2020); *see also United States v. Abdul-Ali*, 19 F.4th 835, 837 (5th Cir. 2021) (citing *United States v. Hegwood*, 934 F.3d 414, 416–17 (5th Cir. 2019)); First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018).[2] A defendant must meet three criteria to be eligible for a sentence reduction under

---

[2] A motion for a reduction of sentence under Section 404 may be filed by the defendant, the Director of the Bureau of Prisons, an attorney for the Government, or the court. Pub. L. No. 115-391, § 404(b), 132 Stat. at 5222.

3

Section 404: "(1) he committed a 'covered offense'; (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act; and (3) he did not previously file a motion under the First Step Act that was denied on the merits." *Abdul-Ali*, 19 F.4th at 837 (quoting *United States v. Batiste*, 980 F.3d 466, 470 (5th Cir. 2020)). A "covered offense" is a violation of a federal criminal statute for which the statutory penalties were modified by Section 2 or 3 of FAIR that was committed before August 3, 2010. Pub. L. 115-391, § 404(a), 132 Stat. at 5222.

FAIR took effect on August 3, 2010, and its more lenient mandatory minimum provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after that date. *Dorsey v. United States*, 567 U.S. 260, 264, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012). Under the FSA, eligibility for resentencing "does not equate to entitlement," as the statute clearly states, "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Batiste*, 980 F.3d at 471 (quoting Pub. L. No. 115-391, § 404(c), 132 Stat. at 5222). And notably, the FSA "does not allow plenary resentencing." *Hegwood*, 934 F.3d at 415.

### III. DISCUSSION

Though Gage meets the first and third criteria for eligibility for a sentence reduction under Section 404, he does not meet the second. Accordingly, Gage is ineligible for a sentence reduction under Section 404, and the Court will deny his motion.

**A. Gage's Lack of Eligibility under the FSA**

The parties do not dispute that Gage's offense is a "covered offense" under Section 404(a). Section 2 of FAIR amended the amount of crack cocaine involved in an offense to trigger mandatory statutory minimums and maximums under 21 U.S.C. § 841(b)(1), the statute under which Gage was convicted. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Additionally, Gage has not previously filed a motion under the FSA that was denied on the merits. He therefore meets the first and third eligibility criteria.

However, FAIR was enacted in August 2010, and was therefore in effect when Gage was sentenced nearly two years later, even though it was not in effect at the time of Gage's offense. As a number of courts have noted, Section 404 of the FSA is not applicable to those, like Gage, who were sentenced on or after FAIR's effective date. *See United States v. Brown*, No. 20-6409, 2022 WL 2135265, at *2 (6th Cir. Mar. 16, 2022); *see also United States v. Walker*, No. 20-10912-H, 2020 WL 5506392, at *2 (11th Cir. Aug. 25, 2020) (holding that Section 404 of the FSA does not apply to defendants convicted and sentenced after August 3, 2010). Gage was sentenced in accordance with FAIR, as Judge Schell explicitly noted during Gage's 2012 sentencing hearing. (Dkt. #817 at 8–9). The Court further confirmed this in its Statement of Reasons for Gage's sentence. (Dkt. #799).

Additionally, Gage's sentence clearly comports with FAIR. Before FAIR went into effect in 2010, 21 U.S.C. § 841(b)(1)(A)(iii) required that, to trigger a mandatory minimum of ten years' imprisonment and a maximum of life, the offense need only

5

involve fifty grams of a substance containing cocaine base. If the defendant has prior felony drug offenses, the statutory mandatory minimum increases. Thus, had Gage been sentenced prior to FAIR's enactment, he would have been sentenced in accordance with Section 841(b)(1)(A)(iii). But FAIR amended Section 841(b)(1)(A)(iii) by increasing the fifty-gram threshold to 280 grams, and it similarly amended Section 841(b)(1)(B)(iii) by increasing the threshold quantity from five to twenty-eight grams. *See* Pub. L. No. 111-220, § 2, 124 Stat. at 2372. Because Gage's offense involved fifty grams of cocaine base, Gage was sentenced under the amended Section 841(b)(1)(B)(iii). Under this amended provision, an offense involving twenty-eight grams or more of crack cocaine has a statutory mandatory minimum of five years and statutory maximum of forty years. However, if the defendant has one prior felony drug offense, the statutory mandatory minimum is increased to ten years and the statutory maximum to life imprisonment. 21 U.S.C. § 841(b)(1)(B). Gage's statutory minimum was thus ten years, and his maximum was life.

Because Gage is a career offender, United States Sentencing Guidelines ("U.S.S.G.") Section 4B1.1 applies. Under U.S.S.G. § 4B1.1(b), when a career offender's offense statutory maximum is life, as Gage's is pursuant to 21 U.S.C. § 841(b)(1)(B), his offense level is set to 37.[3] Additionally, U.S.S.G. § 4B1.1(b) provides that a career offender's criminal history category in every case under that subsection shall be Category VI. The Sentencing Table provides in turn that a defendant whose

---

[3] If the defendant's offense level is higher than 37 before the career-offender enhancement provided for under U.S.S.G. § 4B1.1(b), the higher level applies. U.S.S.G. § 4B1.1(b). That is not the case here.

criminal history category is VI and whose offense level is 37 shall have a guideline range of 360 months' imprisonment to life imprisonment.[4] U.S.S.G. § 5.A (Sentencing Table). Gage was sentenced to 360 months, at the bottom of the applicable guideline range. Judge Schell noted this calculation during Gage's sentencing hearing. (Dkt. #817 at 3–5, 31, 52).

In sum, Gage was sentenced in accordance with FAIR. He is therefore not eligible for a sentence reduction under the FSA, and his motion must be denied.

**B. Gage's Additional Arguments**

Gage asserts two additional arguments in his motion, neither of which has merit. First, Gage argues that if he was sentenced today, he would not be a career offender, and that without the career offender enhancement, the guideline range for his sentence would be significantly lower than 360 months. (Dkt. #950 at 5). This argument fails for two reasons. First, the Fifth Circuit has upheld Gage's career-offender sentencing enhancement, and it clearly did so after FAIR was in effect. *Akins*, 746 F.3d at 611. Second, even if Gage's argument was correct, the FSA "does not allow plenary resentencing." *Hegwood*, 934 F.3d at 415, 419 (holding that the district court committed no error in continuing to apply the career-criminal enhancement when deciding on a proper sentence pursuant to a motion under Section 404 of the FSA). A district court considering an FSA motion must "plac[e] itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act," an action that "is better

---

[4] This is so both under the November 1, 2010, edition of the Guidelines Manual, used for Gage's sentencing, and the current version. *See* (Dkt. #613 ¶ 22).

understood as imposing, not modifying, a sentence, because the sentencing is being conducted as if all the conditions for the original sentencing were again in place with the one exception." *Id.* at 418–19. Thus, even if Gage's argument was correct, and even if his sentence had not been imposed under FAIR initially, he would be asking for a plenary resentencing, which the FSA does not allow.

Second, Gage argues that the 18 U.S.C. § 3553(a) factors favor a reduced sentence and urges the Court to consider these factors. (Dkt. #50 at 5–6). This argument is irrelevant, as Gage is ineligible for a sentence reduction under the FSA. And even if he were eligible, the Court is not required to consider the Section 3553(a) factors in determining an FSA motion. *Perez*, 27 F.4th at 1104–05 (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Stacy Lynn Gage's Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act, (Dkt. #950), is **DENIED**.

**So ORDERED and SIGNED this 22nd day of June, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE